**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5633-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANTONIO F. VARGAS,

    Defendant-Appellant.

_____

> Argued October 26, 2020 – Decided November 17, 2020
>
> Before Judges Fasciale and Mayer.
>
> On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 12-02-0460.
>
> Scott E. Becker argued the cause for appellant.
>
> Mario C. Formica, Deputy First Assistant Prosecutor, argued the cause for respondent (Damon G. Tyner, Atlantic County Prosecutor, attorney; Mario C. Formica, on the brief).

PER CURIAM

Defendant Antonio F. Vargas appeals from a July 22, 2019 order denying his petition for post-conviction relief (PCR).  We affirm.

We summarize the facts leading to defendant's conviction.  On the evening of January 5, 2011, Vargas met friends at a local bar and he boasted about his "ten second car."[1]  Just before 1:00 a.m. on January 6, Vargas, who had a suspended driver's license, left the bar with Kevin Botta, and drove his car to a nearby convenience store.  Vargas did not appear intoxicated when he left the bar or at the convenience store.  The two men left the store and returned to the car.  One of the men sat in the driver's seat and drove away.[2]

Vargas and Botta intended to return to the bar.  After waiting at a red light, the driver accelerated and lost control of the car.  The car spun counterclockwise into opposing traffic, jumped the curb dislodging a fire hydrant, and hit a utility pole, causing a neighborhood blackout.  The car came to a stop after sideswiping a truck and crashing into the bar.  According to one eyewitness, the car was

---

[1]  Defendant owned a Honda with enhanced performance features for racing, allowing the car to complete a quarter mile in ten seconds.

[2]  According to defendant, Botta drove the car after they left the convenience store.

A-5633-18T4

going "well over a hundred miles an hour" despite the speed limit being "thirty or thirty-five miles per hour."

The crash resulted in Botta's death and injuries to several bar patrons. Neither Vargas nor Botta were wearing seatbelts. After the crash, the men were found "crisscrossed inside the wreckage."[3] Subsequent toxicology reports estimated Vargas's blood alcohol concentration (BAC) at the time of the wreck was between 0.13 and 0.15. Botta's autopsy suggested his cause of death was "'severe impact' from the right side of [his] body during a car crash."

Prior to this accident, Vargas had been cited for driving with a suspended license on five occasions between 2008 and 2010. In addition, he had a citation in 2008 for driving recklessly with a suspended license and another citation in 2010 for driving carelessly with a suspended license.

The jury found defendant guilty of the following: first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1) (count one); second-degree vehicular homicide, N.J.S.A. 2C:11-5 (count two); second-degree aggravated assault, 2C:12-1(b)(1) (count three); third-degree assault by auto, N.J.S.A. 2C:12-

---

[3] Because Vargas claimed he was not the driver at the time of the accident, the record contains extensive information regarding the position of the bodies in the car and the injuries sustained by each man as a result of the crash to determine who was driving the car.

A-5633-18T4

1(c)(2) (count four); two counts of fourth-degree assault by auto, N.J.S.A. 2C:12-1(c)(2) (counts five and six); third-degree causing death while driving under suspension, N.J.S.A. 2C:40-22(a) (count seven); and fourth-degree causing serious injury while driving under suspension, 2C:40-22(b) (count eight).  Defendant filed a motion for a new trial, which was denied.  The sentencing judge merged counts two and seven into count one and counts four and eight into count three.  Defendant was sentenced to consecutive terms of eighteen years with an eighty-five percent parole disqualified (count one), eight years with an eighty-five percent parole disqualifier (count three), and eighteen months (counts five and six).

Defendant filed a direct appeal challenging his conviction, and we affirmed.  State v. Vargas, No. A-3414-13 (App. Div. June 27, 2016).  His petition for certification was denied by our Supreme Court on October 21, 2016.  See State v. Vargas, 228 N.J. 59 (2016).

On July 12, 2017, Vargas filed a petition for PCR.  The PCR judge heard the arguments of counsel on July 9, 2019.  She issued a July 22, 2019 order, with an attached thirteen-page written decision, denying defendant's petition.

The judge rejected each of defendant's arguments that trial counsel's performance was below the range of professionally competent assistance.

A-5633-18T4

Defendant first argued trial counsel was ineffective by failing to retain the services of an expert to analyze blood and other biological material in the car and an accident reconstruction expert to inform the jury how the bodies moved inside the car during the accident. The judge concluded "there may have been strategic reasons for trial counsel to forego a DNA expert" such as the "ruined nature of the [car]," and the fact that a DNA analysis may have been inconclusive. In fact, the judge opined DNA testimony might have undermined trial counsel's attempt to create reasonable doubt based on the conflicting testimony of the first responders who arrived after the accident and undercut defense counsel's cross-examination of witnesses regarding the lack of evidence to prove defendant was driving the car at the time of the crash.

The judge also rejected defendant's claim that his trial counsel was ineffective by not permitting defendant to testify on his own behalf at trial. She reasoned trial counsel's decision was based on defendant's amnesia regarding the events before and after the crash. The judge determined that counsel advising against defendant testifying at trial under the circumstances fell "within the purview of trial strategy and within trial counsel's discretion."

Nor did defendant demonstrate ineffective assistance of counsel based on the purported failure to conduct a proper investigation. The judge found no

indication in the record that trial counsel failed to locate witnesses to prove defendant was not the driver of the car at the time of the crash. Defendant provided no sworn affidavits or certifications from potential witnesses to support defendant's claim that he was not driving the car at the moment of impact. Without proper certifications from potential witnesses, the judge found "petitioner's argument . . . a bald assertion which is expressly prohibited in a PCR petition."

The judge also determined defendant failed to demonstrate his trial counsel's errors deprived him of a fair trial, resulting in prejudice. She explained defendant's speculation that a DNA expert or accident reconstruction expert would have supported his claim that he was not the driver of the car did not demonstrate the requisite prejudice for PCR relief.

Regarding the claim that he was not permitted to testify, the judge concluded defendant failed to demonstrate how he was prejudiced as a result of that decision, particularly since defendant's own expert confirmed defendant suffered amnesia regarding the accident. The judge noted that had defendant testified, he would have been subject to extensive cross-examination by the State "which likely would have hurt any credibility he established."

6

The judge concluded defendant failed to meet his burden "required under both prongs of the <u>Strickland/Fritz</u> test" by demonstrating his "trial counsel was ineffective in each of his assertions."

On appeal, defendant raises the following arguments:

> POINT I
>
> THE TRIAL COURT IMPROPERLY FAILED TO CONSIDER FACTORS OTHER THAN INEFFECTIVE ASSISTANCE OF COUNSEL IN REACH ITS DECISION.
>
> POINT II
>
> THE STATE SHOULD NOT HAVE BEEN PERMITTED TO INTRODUCE DEFENDANT'S PRIOR DRIVING HISTORY INTO EVIDENCE.
>
> POINT III
>
> DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL BY NOT BEING PERMITTED TO TESTIFY IN HIS OWN DEFENSE.
>
> POINT IV
>
> DEFENDANT'S COUNSEL FAILED TO CONDUCT A PROPER INVESTIGATION.

We first consider defendant's contention that the PCR judge failed to consider factors other than ineffective assistance of counsel in rendering her decision. Defendant argued the judge should have considered the substantive

issues regarding admission of his prior convictions. During argument on the PCR petition, the judge sought to clarify whether Vargas was asserting ineffective counsel as well as substantive issues. She then asked if defendant's argument regarding the admission of prior convictions during the trial could, and should, have been raised in a direct appeal. In rejecting defendant's assertion of substantive issues, the judge concluded: "A challenge to the trial court's conduct is not appropriate in defendant's current [petition]. That argument should have been raised on appeal and thus will not be addressed by this [c]ourt."

We agree with the PCR judge. Defendant filed a direct appeal and should have challenged the admission of his prior convictions in that appeal but did not do so. The judge correctly concluded that defendant never raised the issue on direct appeal and therefore it was improper for her to revisit the trial judge's ruling on defendant's PCR petition. See R. 3:22-4(a).

We next consider defendant's ineffective assistance of counsel arguments. To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). To satisfy the first prong of the Stricland/Fritz analysis, a defendant

must establish his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The defendant must rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance . . . ." Id. at 689. We must consider whether trial counsel's performance fell below an objective standard of reasonableness. Id. at 688.

To satisfy the second prong of the Strickland/Fritz analysis, a defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. A defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. "[I]f counsel's performance has been so deficient as to create a reasonable probability that these deficiencies materially contributed to defendant's conviction, the constitutional right will have been violated." Fritz, 105 N.J. at 58.

Having reviewed the record, we are satisfied the PCR judge correctly concluded defendant's arguments failed to establish a prima facie claim under Strickland/Fritz in support of PCR.

Regarding defendant's argument that trial counsel failed to retain experts to support a claim that defendant was not the driver of the car at the time of the crash, defendant failed to produce any such expert reports in support of that contention. Rather than submit any actual expert opinions, defendant proffered unsubstantiated speculation that had trial counsel retained a DNA expert or accident reconstruction expert, the experts would have confirmed he was not the driver when the accident occurred. Such speculation is improper in a PCR application. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) ("[I]n order to establish a prima facie claim, a [defendant] must do more than make bald assertions that he was denied effective assistance of counsel.").

Regarding defendant's claim that his trial counsel failed to conduct a proper investigation to locate witnesses in support of the contention he was not driving the car, defendant submitted no affidavits or certifications from potential witnesses setting forth their would-be testimony. The relevant facts must be shown through "affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Ibid.; see also R. 3:22-

10(c) (providing that any factual assertion serving as a predicate for the claim "must be made by affidavit or certification").

We next consider defendant's argument that trial counsel was ineffective because counsel would not allow defendant to testify at trial. In his PCR petition, defendant asserted he wanted to testify but was dissuaded from doing so by trial counsel because "he was experiencing amnesia with regard to many of the surrounding facts."

"Criminal defendants have a constitutional right to testify on their own behalf." State v. Bey, 161 N.J. 233, 270 (1999) (citing State v. Savage, 120 N.J. 594, 626-28 (1990)). A defendant makes the decision whether to testify, and it is counsel's duty to inform the defendant of his or her right rather than merely relying on trial strategy. Ibid. Accordingly, "[i]t is the responsibility of a defendant's counsel, not the trial court, to advise defendant on whether to testify and to explain the tactical advantages of doing so or not doing so . . . . [F]ailure to do so will give rise to a claim of ineffectiveness of counsel." Ibid. (quoting Savage, 120 N.J. at 630-31).

The trial judge expressly discussed the right to testify with defendant. In fact, in addressing defendant regarding this issue, the judge said, "I'm assuming that you discussed and made this decision with the advice of [your counsel] or

11

at least talk[ed] to [your counsel] . . . ." The trial judge continued this colloquy with defendant as follows:

> I do want to advise you, you do know you have a Constitutional right to testify notwithstanding the fact that the State has rested, I would give you an opportunity, even at this late date, to testify and I just want to be sure that you're aware of that Constitutional right; that you've had the advice of your attorney and that, not your attorney, but you have made that decision that you're not going to testify.

Defendant responded in the affirmative. When asked by the trial judge whether the decision not to testify was due to his amnesia, defendant said, "Yes." In reviewing the trial transcript, we are satisfied the trial judge informed defendant of his right to testify.

Moreover, even if trial counsel did err by not to having defendant testify at trial, defendant failed to demonstrate such error was prejudicial under the second prong of the Strickland/Fritz test. Defendant admits he was advised not to testify because of his amnesia and his inability to remember the crash. Defendant's amnesia was confirmed by his own traumatic brain injury expert. Based on these facts, trial counsel was not ineffective in dissuading defendant from testifying at trial. Clearly, defendant suffered from memory loss as a result of the crash, and therefore could not have credibly testified Botta was the driver of the car.

We next review defendant's claim that his trial counsel was ineffective by not objecting to the admission of defendant's prior driving record under N.J.R.E. 404(b). If defendant had challenged the admissibility of such evidence on his direct appeal, the issue would have been reviewed for abuse of discretion. On this record, because the defense strategy focused on convincing the jury that defendant was not the driver of the car at the time of the crash, defendant's prior driving history was irrelevant.

Even if defendant could have shown trial counsel's allowing the admission of defendant's prior driving history fell below an objective standard of reasonableness, defendant failed to satisfy his burden under the second prong of the Strickland/Fritz test by demonstrating the trial outcome would have been different. Here, the evidence showed defendant's BAC was over the legal limit at the time of the crash and eyewitnesses stated defendant was driving significantly above the speed limit at the time. Therefore, defendant is unable to show how the outcome would have been altered if trial counsel precluded admission of defendant's prior driving record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5633-18T4